IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KEVIN M. SMITH, for and on the      )
behalf of and K.M.J. International, )
Inc., KEVIN M. SMITH et alia,       )
                                    )
                 Plaintiffs,        )
                                    )
            v.                      )     1:10CV673
                                    )
U.S. GOVERNMENT, U.S. TREASURY      )
DEPARTMENT, INTERNAL REVENUE        )
SERVICE, NOREEN BAVARO, I.R.S.      )
Agent et alia,                      )
                                    )
                 Defendants.        )
```

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Application for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> and Affidavit/Declaration in Support (Docket Entry 1). Plaintiff filed that Application in conjunction with a pro se Complaint bearing the above caption. (Docket Entry 2.) The Court will deny Plaintiff's request to proceed *in forma pauperis* for two reasons.

First, Plaintiff has not provided requested information necessary to assess his financial eligibility for *in forma pauperis* status. In this regard, the Court notes that the Application states that Plaintiff (and/or his "spouse"): 1) has "cash" (or "money") "in a checking, savings, or any other financial account," but does not provide the "total value" of such accounts, as directed (<u>see</u> Docket Entry 1 at 2); and 2) owns a piece of real

property and three vehicles, but does not "state [their] approximate value," as directed (see id. at 3).

Second, the caption and the content of Plaintiff's Complaint make clear that he seeks to proceed with claims on behalf of a corporation. (See Docket Entry 2 at 1-4.) The United States Supreme Court has held that "artificial entities" do not "qualify for treatment *in forma pauperis* under [federal law]." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 196 (1993). Moreover, the United States Court of Appeals for the Fourth Circuit has ruled that, although "[a]n individual unquestionably has the right to litigate his own claims in federal court . . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others." Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005). See also In re Tamojira, 20 Fed. Appx. 133, 133-34 (4th Cir. 2001) ("[I]t is well settled that a corporation must be represented by an attorney in federal court."); McGowan v. Cross, Nos. 92-1480, 92-1584, 1993 WL 125416, at *3 n.1 (4th Cir. Apr. 22, 1993) (unpublished; decision without opinion, 991 F.2d 790) ("Corporations and partnerships, as artificial entities, may not appear pro se but must instead appear through counsel."); Solomon v. Monongalia Cnty. Bar Ass'n, No. 90-1044, 1990 WL 134607, at *1 (4th Cir. Sept. 19, 1990) (unpublished; decision without opinion, 914 F.2d 249) ("The claims presented by the plaintiffs all relate

to the plaintiffs' family-owned business, Vic's Garage, Inc. Although 28 U.S.C. § 1654 permits parties to conduct their own litigation, it is well settled that a corporation must be represented by an attorney in federal court. *See Nat'l Independent Theatre Exhibitors v. Buena Vista Distribution*, 748 F.2d 602, 609 (11th Cir. 1984) (corporate officer could not bring pro se action on behalf of corporation), *cert. denied*, 471 U.S. 1056 (1985); *Jones v. Niagra Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983); *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (Fed. Cir. 1983) (expense of attorney does not allow exception to rule that corporation must be represented by attorney). Because the claims presented allege wrongs committed against the corporation and because Vic's Garage, Inc. is not represented by licensed counsel, the district court correctly dismissed this complaint.").

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> and Affidavit/Declaration in Support (Docket Entry 1) is **DENIED**.

                                                      /s/ L. Patrick Auld
                                                    **L. Patrick Auld**
                                      **United States Magistrate Judge**

September 13, 2010