IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KEVIN M. SMITH, for and on the            )
behalf of and K.M.J. International,)
Inc., KEVIN M. SMITH et alia,             )
                                          )
                Plaintiffs,               )
                                          )
           v.                             )      1:10CV673
                                          )
U.S. GOVERNMENT, U.S. TREASURY            )
DEPARTMENT, INTERNAL REVENUE              )
SERVICE, NOREEN BAVARO, I.R.S.            )
Agent et alia,                            )
                                          )
                Defendants.               )

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On September 3, 2010, Plaintiff filed a pro se Complaint and an Application for Leave to Proceed <u>In Forma Pauperis</u> and Affidavit/Declaration in Support. (Docket Entries 1, 2.) On September 13, 2010, the undersigned United States Magistrate Judge denied Plaintiff's foregoing application, because Plaintiff failed to provide necessary financial information and because Plaintiff was attempting to proceed pro se on behalf of a corporation. (<u>See</u> Docket Entry 4.) The Court mailed Plaintiff notice of said Order and his right to object that same day. (Docket Entry 5.)

On September 17, 2010, Plaintiff paid the applicable filing fee. (<u>See</u> Docket Entry dated Sept. 17, 2010.) He then filed a document entitled "Plaintiffs [sic] Response to Magistrate [sic] Decision with Motions by Plaintiffs." (Docket Entry 6.) Said filing is largely incomprehensible and appears to cite throughout

a long out-of-date version of the Court's Local Rules.  Moreover, Plaintiff again seeks to act pro se on behalf of a corporation in contravention of the authority outlined in the prior Order.

At the end of the document, the following statement appears: "Plaintiffs object to Rule 401 and Rule 402 et sequens [sic] AND to appeal provided for in Rule 405 and Rule 72(b) Fed. Rules of Civ. Proced." (Id. at 3.)[1]  To the extent the document objects to the Court's prior Order denying pauper status, it fails to address the substance of that Order.  In an abundance of caution, however, it is ordered that the Clerk forward the filing in question to the assigned United States District Judge for review as an objection to the Order dated September 13, 2010.

To the extent said document constitutes a motion, it fails to make clear what specific relief is sought from the Court or grounds that would warrant any relief.  For example, the document describes a need for an "extension [of] time" due to various events, but does not identify the action Plaintiff needs more time to perform.  (See id. at 1.)  The document thereafter references supposed authority allowing additional time for "gathering pertinent documents, along with entries of appearance by the Attorney of Record" and for the Court to grant him "Discovery," but fails to explain what specific action is requested of the Court.  (See id. at 2.)

---

[1] Plaintiff included a cover page and then numbered the pages that followed.  The cited page numbers refer to the numbers assigned by Plaintiff.

The only deadline Plaintiff currently faces is that imposed by Federal Rule of Civil Procedure 4(m) to serve Defendants within 120 days of September 3, 2010. That date has not yet passed; however, in light of Plaintiff's apparent inability to secure counsel to date, the Court will construe the instant filing as a request for an extension of that deadline and will extend the time for Plaintiff to make service on Defendants until March 7, 2011. If, by that date, Plaintiff has not secured counsel and made service on all Defendants or shown good cause for such failure in a motion requesting a further extension of time, the undersigned Magistrate Judge will recommend dismissal of this action without prejudice against any unserved Defendant without further notice to Plaintiff.

As a final matter, the document in question states that Plaintiff "move[s] the Court for Dismissal based upon Dispositive Motion" and then discusses relief allegedly due under Title 26 of the United States Code. (See id. at 2-3.) It also sets forth a conclusory "demand [for] summary judgment dismissal . . . ." (Id. at 3.) It is not clear whether Plaintiff seeks dismissal of this action or a judgment against Defendants. To the extent Plaintiff seeks the latter, the document in question fails to explain how the Court could grant such relief when no Defendant has been served.

**IT IS THEREFORE ORDERED** that the Clerk forward "Plaintiffs [sic] Response to Magistrate [sic] Decision with Motions by Plaintiffs" (Docket Entry 6) to the assigned United States District

3

Judge for review as an objection to the Order dated September 13, 2010.

**IT IS FURTHER ORDERED** that the time for Plaintiff to secure counsel and to make service on Defendants is extended until March 7, 2011. If, by that date, Plaintiff has not secured counsel and made service on all Defendants or shown good cause for such failure in a motion requesting a further extension of time, the undersigned Magistrate Judge will recommend dismissal of this action without prejudice against any unserved Defendant without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that, to the extent "Plaintiffs [sic] Response to Magistrate [sic] Decision with Motions by Plaintiffs" (Docket Entry 6) seeks other non-dispositive relief, it is **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent "Plaintiffs [sic] Response to Magistrate [sic] Decision with Motions by Plaintiffs" (Docket Entry 6) seeks to dismiss this action, Plaintiff shall file a Notice of Dismissal making that intent clear.

**IT IS RECOMMENDED** that, to the extent "Plaintiffs [sic] Response to Magistrate [sic] Decision with Motions by Plaintiffs" (Docket Entry 6) sets forth a dispositive motion seeking judgment against Defendants, said motion be **DENIED**.

                                     /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                              **United States Magistrate Judge**

November 1, 2010