IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KEVIN M. SMITH, for and on )
behalf of K.M.J. International, Inc., )
and KEVIN M. SMITH, )
)
        Plaintiffs, )
)
        v. )        1:10CV673
)
U.S. GOVERNMENT; U.S. )
TREASURY DEPARTMENT; )
INTERNAL REVENUE )
SERVICE; NOREEN BAVARO, )
I.R.S. Agent; UNITED STATES )
OF AMERICA, )
)
        Defendants. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Kevin M. Smith, proceeding *pro se*, filed this action against Defendants, the United States, the Treasury Department, the Internal Revenue Service ("IRS") and Noreen Bavaro, an IRS agent.[1] (Docket Entry 2.) The case is presently before the court on Defendants' motion to dismiss. (Docket Entry 10.) Plaintiff has filed a response to the motion and the matter is ripe for disposition. For the reasons that follow, the court recommends that the motion to dismiss be granted.

## I. BACKGROUND

On September 3, 2010, Plaintiff filed a handwritten complaint entitled "Civil Action to Abate Tax Levy and Lien." (Docket Entry 2.) This pleading itself is disjointed and

---

[1] Collectively, the court will refer to the defendants as "United States" or "Defendants."

confusing. It is difficult to ascertain the nature of Plaintiff's claim, but it appears that he is complaining of actions taken by the IRS in filing a notice of federal tax lien against Plaintiff for payment of unpaid tax liabilities.

Plaintiff originally brought this action individually and on behalf of K.M.J. International, Inc., a corporation. (*See* Compl., Docket Entry 2.) At that same time he filed the complaint, Plaintiff filed an application for leave to proceed *in forma pauperis* ("IFP) (Docket Entry 1), which was denied by a memorandum opinion and order of United States Magistrate Judge Patrick Auld on September 13, 2010. (Docket Entry 4.) Judge Auld found that Plaintiff had "not provided requested information to assess his financial eligibility for *in forma pauperis* status." (Order at 1, Docket Entry 4.) Judge Auld further found that because Plaintiff was proceeding on behalf of the corporation, *in forma pauperis* treatment was not available. (*Id.* at 2.) Judge Auld noted that it is well settled that a corporation must be represented by an attorney in federal court. (*Id.* at 3.)

On September 17, 2010, Plaintiff paid the applicable filing fee. (*See* Docket Entry dated September 17, 2010.) Plaintiff subsequently filed a pleading entitled "Plaintiffs [sic] Response to Magistrate Decision with Motions by Plaintiffs." (Docket Entry 6.) As noted by Judge Auld, this "filing is largely incomprehensible and appears to cite throughout a long out-of-date version of the Court's Local Rules." (Order at 1-2, Docket Entry 8.) Out of an abundance of caution, however, Judge Auld ordered that the pleading "be forwarded to the assigned United States District Judge for review as an objection to the Order dated September 13, 2010." (*Id.* at 2.)

On November 2, 2010, Defendants filed the instant motion to dismiss, based on four grounds: (1) sovereign immunity; (2) failure to state a claim; (3) the Anti-Injunction Act; and (4) lack of subject matter jurisdiction. (Docket Entry 10.) On November 17, 2010, Plaintiff filed a response to the motion to dismiss. (Docket Entry 13.) On February 23, 2012, over a year later, Plaintiff filed a second "response" to the motion to dismiss, entitled "Plaintiff's Response to Co-Joinder Defendants Motion to Dismiss Action Complaint." (Docket Entry 15.)

On February 19, 2013, United States District Judge William L. Osteen, Jr. entered an order affirming and adopting Judge Auld's September 13, 2010 order denying IFP status to Plaintiff. Judge Osteen stated:

> Plaintiff is further cautioned that, as found by the Magistrate Judge, Plaintiff will not be permitted to appear on behalf of a corporation in this case unless Plaintiff is a duly licensed attorney authorized to appear in this court. Plaintiff is hereby cautioned that his continued appearance in a pro se capacity on behalf of a corporation may result in sanctions, including dismissal.

(J. Osteen Order at 2, Docket Entry 17.) (internal docket entries omitted).

On March 11, 2013, Plaintiff filed a pleading entitled "Notice of Appeal of Order of Courts; for Lien; Levy; Assessment; Garnishment; Attachment; TAXES." (Docket Entry 20.) While noting that this "pleading is nearly incomprehensible," Judge Osteen construed the document as a motion for reconsideration and denied the motion. (Docket Entry 21.)[2]

---

[2] Plaintiff has filed a Notice of Appeal as to this interlocutory Order. (Docket Entry 22.) This appeal, however, does not divest this court of jurisdiction to decide the dispositive motion. *See Okocha v. Adams*, No. 1:06CV275, 2007 WL 1074664, at * 2 (M.D.N.C Apr. 9, 2007) ("The appeal of the disposition of a preliminary . . . motion does not divest the trial court of its jurisdiction to proceed on the merits.")

3

## II. DISCUSSION

### A. Sovereign Immunity

Defendants first urge this court to dismiss this action because it is barred by sovereign immunity. Because Plaintiff's action is against the federal government and its agencies, sovereign immunity is presumed and cannot be overcome without an express statutory waiver. *Research Triangle v. Bd. Of Gov. of Fed. Reserve Sys.*, 132 F. 3d 985, 987 (4th Cir. 1997). "Under settled principles of sovereign immunity, the United States as sovereign, is immune from suit save as it consents to be sued . . ." *United States v. Dalm*, 494 U.S. 596, 608 (1990). Thus, sovereign immunity protects the United States and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

The United States has not consented to suit against the IRS under the circumstances raised in Plaintiff's complaint. Plaintiff has failed to establish a waiver of sovereign immunity or any basis for this court's jurisdiction. The complaint therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Phillips v. North Carolina A & T State Univ.*, No. 1:09CV227, 2009 WL 5215377, at *1 (M.D.N.C. Dec. 28, 2009) (noting that a claim of sovereign immunity may properly be raised by means of Rule 12(b)(1) motion to dismiss).[3]

---

[3] To the extent that Plaintiff argues that this court has jurisdiction under 28 U.S.C. 1346(a), this argument is without merit. Section 1346(a) provides jurisdiction for federal tax refund suits. However, taxpayers must pay the full amount in dispute before suing the United States for a refund under this section. Plaintiff here has failed to plead any facts demonstrating that he met the requirements of this section.

4

### B. Failure to State a Claim under Rule 12(b)(6)

Defendants also argue that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face."). *Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not a fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir 1998).

In this case, Plaintiff apparently contends that Defendants improperly filed a tax lien against him (or his corporation). The complaint does not identify any statute or other law allegedly violated nor does it provide any facts or legal support to support a "plausible" claim that the Notice of Levy and Notice of Federal Lien were improper. Accordingly, the motion to dismiss should be granted on this claim.

5

## C. Anti-Injunction Act

Defendants also contend that to the extent Plaintiff seeks to enjoin collection activity by the Internal Revenue Service, such relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421. The Anti-Injunction Act states, in pertinent part:

> No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421. The Act thus prohibits federal courts from entertaining actions filed to restrain the assessment or collection of taxes. *Int'l Lotto Fund v. Virginia State Lottery Dept.*, 20 F.3d 589, 591 (4th Cir. 1994) (stating that "[n]o court is permitted to interfere with the federal government's ability to collect or assess taxes"). The two primary objectives of the Anti-Injunction Act are "to allow the [f]ederal [g]overnment to assess and collect allegedly due taxes without judicial interference and to compel taxpayers to raise their objections to collected taxes in suits for refunds." *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 584 (4th Cir. 1996).

In his response, Plaintiff asserts that he has standing to litigate his "Demand for Relief under the Letter of the Law" under 26 U.S.C. §§ 7422 and 7429. These sections do not provide a basis for Plaintiff's suit. Section 7422 of the Internal Revenue Code permits suits in federal district courts only after "a claim for refund or credit has been duly filed" with the IRS. 26 U.S.C. § 7422(a). Section 7429 is entitled "Review of jeopardy levy or assessment procedures." 26 U.S.C. § 7429. A "jeopardy levy" is one made less than thirty days after the notice and demand for payment was made. Plaintiff here has made no allegations that he has filed a claim for a refund or that the tax levy he is complaining of

6

occurred less than thirty days after the notice and demand for payment. Accordingly, sections 7422 and 7429 do not afford this court jurisdiction. Because Plaintiff is clearly seeking to "restrain the assessment or collection of" taxes via a valid federal tax lien, his suit cannot be maintained.

### D. Subject Matter Jurisdiction – FTCA

Finally, Defendants argue that in the event Plaintiff is asserting a section 7433 claim for damages, this court does not have jurisdiction because Plaintiff has not demonstrated that he filed an administrative claim with the Internal Revenue Service. Through the Federal Tort Claims Act ("FTCA"), Congress has waived sovereign immunity for certain tort claims against the United States. *See* 28 U.S.C. § 1346(b)(1). In order for a district court to have jurisdiction over FTCA claims, however, the claimant must first present the claim to the appropriate federal agency, and the agency must have denied the claim. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(b)(1). "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994).

A plaintiff bears the burden of proving compliance with the administrative requirements. *Kielwien v. United States*, 540 F.2d 676, 679 n. 6 (4th Cir. 1976). In this case, Plaintiff makes no allegation in his complaint (or amended complaint) that the purported tort claims he is asserting were ever presented to the federal agencies he is suing. Because the record contains no indication that Plaintiff filed an administrative claim, Plaintiffs' claim against Defendants must be dismissed for lack of subject matter jurisdiction. See *Whedbee v. United States*, 352 F. Supp. 2d 618, 628 (M.D.N.C. 2005) ("Plaintiff's failure to file a proper

7

administrative claim will divest this Court of subject matter jurisdiction, because such a failure cannot be waived.")

Similarly, under the FTCA, any constitutional claims asserted by Plaintiff arising out of the same facts are also barred:

> The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omissions gave rise to the claim.

28 U.S.C. § 2676. This "judgment bar" accords a judgment on an FTCA claim preclusive effect as to any action on the same underlying facts. *See Freeze v. United States*, 343 F. Supp.2d 477, 481 (M.D.N.C. 2004), *aff'd*, 131 Fed. App'x 950 (4th Cir. 2005). Accordingly, because Plaintiff's tort claims are subject to dismissal under the FTCA, he is precluded from asserting any constitutional claims against Defendants.

## III. CONCLUSION

Plaintiff's complaint contains neither factual matter nor labels and conclusions that would allow the Court to construe a viable claim as to Defendants. Plaintiff has not overcome the jurisdictional bars of sovereign immunity, failure to file as administrative claim under the FTCA, and the Anti-Injunction Act. Plaintiff's allegations, moreover, are insufficient to state a claim.

8

IT IS THEREFORE RECOMMENDED that the Motion to Dismiss of Defendants (Docket Entry 10) be **GRANTED** and that this action be dismissed.

*/s/ Joe L. Webster*
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
July 5, 2013